UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NEW JAX CONDOMINIUMS ASSOCIATION, INC. | CIVIL ACTION |
| VERSUS | NO. 15-316 |
| 620 DECATUR, L.L.C. | SECTION "N" (1) |

## ORDER AND REASONS

P[1]resently before the Court are Defendant's "Motion to Transfer Venue" (Rec. Doc. 3) and Plaintiff's "Motion for Mandatory Abstention, or, Alternatively, for Permissive Abstention, for Equitable Remand, and for Remand" (Rec. Doc. 16).  Neither party's submissions, however, indicate that the Bankruptcy Court for the Middle District of Louisiana has entered an order granting relief, relative to this dispute, from the automatic stay provisions of the §362 of the Bankruptcy Code. See 11 U.S.C. §362.  For that reason, the Court presently declines to transfer or remand the instant action.  Accordingly, on the instant showing made, **IT IS ORDERED** that both motions are **DENIED WITHOUT PREJUDICE**.[2]  **IT IS FURTHER ORDERED** that any subsequent motion again seeking transfer or remand of this action must include a certified copy of an order from the

---

[1] Although Plaintiff maintains that the §362 automatic stay does not extend to requests for injunctive relief, see Rec. Doc. 16-2, pp. 11-12, the relief that Plaintiff seeks in the instant action is not so limited.  Indeed, Plaintiff's memorandum also represents that "if this Court remands, such does not allow [Plaintiff] to proceed in the state court until the Bankruptcy Court modifies the automatic stay, and that Court can determine the extent to which the automatic stay is modified." See Rec. Doc. 16-2, p. 13.

[2] See In re 620 Decatur, L.L.C., No. 15-10104 (Bankr. M.D. La.).

Bankruptcy Court granting relief from the §362 automatic stay resulting from the bankruptcy proceeding initiated by Defendant or provide an explanation why such relief is not necessary.

New Orleans, Louisiana, this 16th day of July 2015.

_____
**KURT D. ENGELHARDT**
**United States District Judge**